IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-70,053-01






EX PARTE GRAYLON WYATT, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 91F0298-202-A IN THE 202ND DISTRICT COURT


FROM BOWIE COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of forgery and
sentenced to ten (10) years' imprisonment.

 Applicant contends, inter alia, that he has been confined since his arrest on a pre-revocation
warrant on June 3, 2007, but he never received a revocation hearing and "to his knowledge" he did
not waive a revocation hearing.

 Applicant has alleged facts which if true may entitle him to relief. Morrissey v. Brewer, 408
U.S. 471, 485 (1972). In these circumstances, additional facts are needed. As we held in Ex parte
Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is the appropriate forum for
findings of fact. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, §
3(d). In addition, the trial court shall order the Texas Department of Criminal Justice's Office of the
General Counsel to file an affidavit explaining whether Applicant received a release revocation
hearing and, if not, the reasons for failing to give Applicant such a hearing.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether Applicant received a release
revocation hearing and, if not, why he has not been given such a hearing. The trial court shall also
make any other findings of fact and conclusions of law that it deems relevant and appropriate to the
disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 45 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 60 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: August 20, 2008

Do not publish